**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI,
WESTERN DIVISION**

JOHN ALDEN FULKERSON                                      PETITIONER


VERSUS                              CIVIL ACTION NO. 5:06cv174-DCB-MTP


CONSTANCE REESE, Warden                                   RESPONDENT


**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Magistrate Judge Michael T. Parker's Report and Recommendation [**docket entry no. 23**]. Having carefully considered the Report and Recommendation, having conducted a de novo review of the same on account of the petitioner's Objections [docket entry no. 27] thereto, having reviewed all applicable statutory and case law, and being otherwise fully advised as to the premises, the Court finds and orders as follows:

**I. BACKGROUND AND PROCEDURAL HISTORY**

On December 1, 2006, petitioner John Alden Fulkerson[1] filed a Petition for Writ of Habeas Corpus [docket entry no. 1] pursuant to 28 U.S.C. § 2241. In his petition, Fulkerson challenges the manner in which his prison sentence is being executed. More specifically,

---

[1] At the time his petition was filed, Fulkerson was in the custody of the Bureau of Prisons ("BOP") and was incarcerated at the Federal Correctional Institution – Yazoo City (Low) ("FCI – Yazoo City (Low)") in Yazoo City, Mississippi, serving a seventy-eight month sentence for a bank robbery conviction. At present, the petitioner remains in the custody of BOP and is incarcerated at FCI – Yazoo City (Low). Fulkerson's BOP-scheduled release date is March 7, 2008.

the petitioner contends that the BOP has violated the intent of Congress underlying 18 U.S.C. § 3624(b)(1)[2] by only awarding him a per annum total of fifty-four days of good conduct time credit. According to Fulkerson, notwithstanding the statutory language to the contrary, Congress intended that prisoners serving more than one year be eligible for a maximum of sixty-four days of good conduct time credit per year.[3]   The petitioner claims that the "issues presented by this petitioner in this habeas action <u>have never been brought</u> to the attention of <u>any court</u> in the United States."  (Pet. Memo. 2.)  In the way of relief, Fulkerson requests an order from this Court directing the BOP to award him an additional ten days of good conduct time credit for each year he has served and to correctly compute such credit in the future.

In its Answer [docket entry no. 16] to Fulkerson's Petition,

_____

[2] Title 18 U.S.C. § 3624(b)(1) reads in pertinent part:

> a prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations.

[3] In his Memorandum in support of his petition [docket entry. no. 2], the petitioner proffers a mathematical formula by which he arrives at the sixty-four day figure.

2

the respondent argues that the petitioner failed to exhaust his available administrative remedies before filing this action.  The respondent also asserts that the plain language of 18 U.S.C. § 3624(b)(1) is unambiguous insofar as it explicitly sets a maximum amount of fifty-four days of good conduct time credit per year. The respondent opines that the Court should not delve into legislative history behind the law as urged by the petitioner because the statutory text is clear and unambiguous.

In his July 30, 2007, Report and Recommendation, the magistrate judge recommends that the Petition be dismissed without prejudice on account of Fulkerson's failure to exhaust his administrative remedies.[4]   (R&R 4.)   The magistrate judge also declares that the petitioner has not carried his burden of showing the existence of extraordinary circumstances which would render applicable an exception to the administrative remedies exhaustion requirement.  (R&R 4.)

Fulkerson filed his Objections to the magistrate judge's Report and Recommendation on August 28, 2007.[5]  The petitioner does not argue that he exhausted his administrative remedies, but rather contends that two exceptions to the administrative remedies

---

[4] The magistrate judge additionally recommends that the Court should deny Fulkerson's Motion to Certify Class Action [docket entry no. 13] and Motion for Preliminary Injunction [docket entry no. 19] as moot.

[5] The Court accepted the petitioner's Objections as timely by its Order [docket entry no. 32] of December 14, 2007.

exhaustion requirement are satisfied in this case: 1)the BOP administrative remedy is plainly inadequate because it would only give relief to Fulkerson instead of all inmates earning good conduct time on whose behalf he claims to seeking relief,[6] and because the time it would take to exhaust his administrative remedies would risk him having to serve his sentence until the BOP's projected release date of March 7, 2008, which is forty-eight days past the purported congressionally-intended release date of January 19, 2008; and 2)pursuing an administrative remedy is futile because it is clear that his claim will be rejected by the BOP insofar as the BOP will continue to calculate good conduct time credit according to the relevant statutes and regulations.  (Obj. R&R 2-7.)

## II. ANALYSIS

A prisoner must "'exhaust his administrative remedies before seeking habeas relief in federal court under 28 U.S.C. § 2241.'" Montoya v. Fleming, 121 Fed. Appx. 35, 36 (5th Cir. 2007)(per curiam)(unpublished opinion)(quoting Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994)).  There is no question that the petitioner failed to pursue and exhaust his administrative remedies in challenging the BOP's calculation of his good conduct time credit before he filed this § 2241 action.

---

[6] There is no evidence that the petitioner possesses standing to seek relief on behalf of anyone other than himself.

"'Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action.'" Id.  Such exceptions only apply in "extraordinary circumstances," and the petitioner bears the burden of showing that an exception is satisfied.  Castano v. Everhart, 235 Fed. Appx. 206, 207 (5th Cir. 2007)(per curiam)(unpublished opinion)(citing Fuller, 11 F.3d at 62.)).

The Court is of the opinion that the petitioner has failed to demonstrate that extraordinary circumstances exist which warrant the application of an exception to the administrative remedies exhaustion requirement.  First, merely because the BOP could accord relief only to Fulkerson rather than to all similarly-situated prisoners does not indicate that the administrative remedy he seeks is inadequate.  Were this true, this exception would swallow the exhaustion rule because any prisoner seeking administrative relief could make the same claim.  Because the petitioner concedes that the BOP could grant him the relief that he seeks for himself, this is enough to sustain the administrative remedy as available and appropriate for the relief sought.

Second, Fulkerson would not be exposed to a "serious risk of irreparable injury" due to the alleged fact that it would take a "minimum of three (3) months, but usually six (6) months" to

5

exhaust his administrative remedies.   (Pet. Obj. 4.)   Assuming
arguendo that the petitioner's time-frame is accurate, when he
filed this action on December 1, 2006, he had over a year to pursue
his administrative remedies with the BOP before January 19, 2008 —
the release date the petitioner alleges is consistent with the
intent of Congress.   (Obj. R&R 4.)   Thus, the administrative
avenues available to the petitioner were wholly adequate because
they afforded him plenty of time to pursue the relief he desired
before the purportedly correct release date of January 17, 2008.
The possibility that Fulkerson may not <u>now</u> be able to pursue and
exhaust his administrative remedies before his urged release date
is a problem of his own creation.

Third, the petitioner has failed to show that his claim would
be futile because it would not be well-received by the BOP.  To the
contrary, the petitioner admits that the "issues presented by this
petitioner in this habeas action <u>have never been brought</u> to the
attention of <u>any court</u> in the United States."   (Pet. Memo. 2.)
There is no reason to believe that the BOP will not give a fair and
thorough consideration of the novel angle Fulkerson raises in his
claim, even if it is true as he intimates that the method that the
BOP uses to calculate good conduct time has been before the BOP and
numerous federal courts many times prior.

The Court concludes that Fulkerson failed to exhaust his
available administrative remedies before filing his § 2241 habeas

petition.   Furthermore, the Court holds that the petitioner has failed to show the applicability of an exception to the requirement that he exhaust his administrative remedies.   Accordingly, the Court will not reach the merits of Fulkerson's § 2241 petition and will dismiss said petition without prejudice.

### III. CONCLUSION AND ORDER

After a de novo review of the magistrate judge's Report and Recommendation, a full consideration of the petitioner's Objections thereto, and based upon the foregoing analysis and authorities,

**IT IS HEREBY ORDERED** that Magistrate Judge Michael T. Parker's Report and Recommendation [**docket entry no. 23**] is **ADOPTED** as the finding of this Court.

**IT IS FURTHER ORDERED** that Fulkerson's Petition for Writ of Habeas Corpus [docket entry no. 1] is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** the petitioner's Motion to Certify Class Action [**docket entry no. 13**] and Motion for Preliminary Injunction [**docket entry no. 19**] are **DENIED AS MOOT.**

**SO ORDERED**, this the ___26th___ day of December 2007.


                    ___s/ David Bramlette_____
                    **UNITED STATES DISTRICT JUDGE**