```
                   UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF MISSISSIPPI,
                         WESTERN DIVISION
```

JOHN ALDEN FULKERSON                                            PETITIONER

VERSUS                              CIVIL ACTION NO. 5:06cv174-DCB-MTP

CONSTANCE REESE, Warden                                         RESPONDENT

## ORDER

This matter comes before the Court on the petitioner's Motion to Correct or Void Judgment and Reconsider Habeas Petition **[docket entry no. 35]**. Having carefully considered the Motion, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

On December 1, 2006, petitioner John Alden Fulkerson filed a Petition for Writ of Habeas Corpus [docket entry no. 1] pursuant to 28 U.S.C. § 2241, challenging the manner in which his prison sentence is being executed. On January 2, 2008, this Court issued an Opinion and Order [docket entry no. 33] adopting the Report and Recommendation of the magistrate judge which recommended that the petition be dismissed due to Fulkerson's failure to exhaust available administrative remedies. On the same date, the Court issued a Judgment [docket entry no. 34] in which it dismissed the petition without prejudice. On January 28, 2008, Fulkerson filed the Motion now before the Court.

The Court liberally construes the petitioner's filing as a Motion for Reconsideration of the Judgment entered on January 2, 2008. First, under Federal Rule of Civil Procedure 59(e), a motion

to alter or amend a judgment must be filed no later than ten days after the judgment's entry. Because the petitioner's Motion for Reconsideration was filed more than ten days after the Court's judgment was entered on the docket, said Motion is untimely.

Second, even if timely, the Court finds no merit to the Motion. "Rule 59(e) 'serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.' Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." <u>Templet v. HydroChem, Inc.</u>, 367 F. 3d 473, 479 (5th Cir. 2004)(internal citations omitted). The petitioner has neither produced any new evidence nor brought any egregious errors of law or fact to the Court's attention in the Motion sub judice.

To the extent that the petitioner's Motion may be construed as a Motion for Relief from a Judgment or Order under Federal Rule of Procedure 60, the Court finds that Fulkerson has not demonstrated the existence of any of the grounds enumerated under Rule 60(b) which would entitle him to relief. Accordingly,

**IT IS HEREBY ORDERED** that the petitioner's Motion to Correct or Void Judgment and Reconsider Habeas Petition **[docket entry no. 35]** is **DENIED**.

**SO ORDERED**, this the   18th   day of February 2008.

                                          s/ David Bramlette
                                     **UNITED STATES DISTRICT JUDGE**